**The below described is SIGNED.**





**Dated: July 3, 2014**

**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Bankruptcy Number: 13-31960 |
| **TERESA LYNN PEARSON,** | |
| Debtor. | Chapter 7 |
| **STEPHEN W. RUPP, as Chapter 7 Trustee,** | Adversary Proceeding No. 14-2020 |
| Plaintiff, | |
| vs. | Judge R. Kimball Mosier |
| **TERESA LYNN PEARSON,** | |
| Defendant. | |

### MEMORANDUM DECISION

Stephen W. Rupp, the Chapter 7 Trustee and Plaintiff in the above-captioned adversary proceeding, filed a Motion for Entry of Default Judgment, which sought a default judgment against the Defendant, Teresa Lynn Pearson, on the Plaintiff's complaint. The complaint requested that the Defendant's discharge be denied pursuant to 11 U.S.C. § 727(a)(2)(A), 727(a)(2)(B), 727(a)(4)(C),

727(a)(6)(A), 727(a)(7), and 727(d)(2).[1] The Court conducted a hearing on the motion on June 3,

2014, at which hearing Mr. Rupp appeared on his behalf. The Defendant did not appear and did not

file a response to the motion. Following the Plaintiff's argument, the Court took the matter under

advisement. After carefully considering the Plaintiff's motion and oral argument, and after

conducting its own independent research of applicable law, the Court hereby issues the following

Memorandum Decision denying the Plaintiff's motion for default judgment.

## I. JURISDICTION

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and

§ 157(a). The Plaintiff's complaint seeks to deny the Defendant's discharge, which makes this a core

proceeding under 28 U.S.C. § 157(b)(2)(J). Venue is proper under 28 U.S.C. § 1409.

## II. ANALYSIS

The process to obtain a default judgment proceeds through two steps. First, Federal Rule of

Civil Procedure 55(a) requires that the party moving for default judgment show by affidavit or

otherwise that the party "against whom a judgment for affirmative relief is sought has failed to plead

or otherwise defend." In this case, the Plaintiff has completed the first step, and the Clerk of the

Court has entered the Defendant's default certificate. Second, once the Clerk has entered the

opposing party's default certificate, the moving party must then apply to the Court for a default

judgment under Rule 55(b)(2). *See Williams v. Smithson*, No. 95-7019, 1995 WL 365988, at *1 (10th

Cir. June 20, 1995) (unpublished). The Plaintiff's motion concerns that second step, and since the

Plaintiff's claim is not for a sum certain, Rule 55(b)(2) applies.

---

[1] All subsequent statutory references are to Title 11 of the United States Code unless otherwise
indicated.

Default judgments are not favored by the courts. *Katzson Bros. v. U.S. EPA*, 839 F.2d 1396, 1399 (10th Cir. 1988). "'However, a workable system of justice requires that litigants not be free to appear at their pleasure.'" *Ruplinger v. Rains (In re Rains)*, 946 F.2d 731, 733 (10th Cir. 1991) (quoting *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444–45 (10th Cir. 1983)). "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* at 732 (citation and internal quotation marks omitted). "Decisions to enter judgment by default are committed to the district court's sound discretion." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997).

Under Federal Rule of Civil Procedure 8(b)(6), "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Federal Rule of Bankruptcy Procedure 7012(a) requires that, if a complaint is duly served, the defendant must serve an answer within 30 days after the summons is issued. Here, the summons and complaint have been duly served upon the Defendant and her attorney of record in the underlying bankruptcy case, and the Defendant has not served an answer. Therefore, the Plaintiff's well-pleaded allegations in the complaint are deemed admitted.

Nevertheless, entry of a default judgment does not follow as a matter of course when a defendant fails to answer a complaint. "[A] default is . . . merely an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability. . . . [T]he plaintiff is entitled to a default judgment only if the complaint states a claim for relief." *Jackson v. Correctional Corp. of Am.*, 564 F. Supp. 2d 22, 26–27 (D.D.C. 2008) (citations and internal quotation marks omitted); *see also GMAC Commercial Mortgage Corp. v. Maitland Hotel*

3

*Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) ("[T]he Court must find that there is a sufficient basis in the pleadings for the [default] judgment to be entered. A default judgment cannot stand on a complaint that fails to state a claim."). "A request for default judgment may be denied when the complaint is insufficient." *Discover Bank v. Fuentes (In re Fuentes)*, 474 B.R. 497, 500 (Bankr. S.D. Tex. 2012); *see also AT & T Universal Card Servs., Corp. v. Sziel (In re Sziel)*, 206 B.R. 490, 493 (Bankr. N.D. Ill. 1997), *reconsideration denied*, 209 B.R. 712 ("Entry of a judgment of default is discretionary with the trial judge and may be denied where there are insufficient facts to support a cause of action.").

The Plaintiff argues that all causes of action with the exception of § 727(a)(2)(A) concern proscribed acts in the Defendant's prior chapter 13 case.[2] According to the Plaintiff, those causes of action are available in this case because they are incorporated through § 727(a)(7). Under that paragraph, a debtor's discharge will be denied where she "has committed any act specified in paragraph (2), (3), (4), (5), or (6) of this subsection, on or within one year before the date of the filing of the petition, or during the case, in connection with another case, under this title or under the Bankruptcy Act, *concerning an insider*." (emphasis added).

> The purpose and intent of Section 727(a)(7) of the Bankruptcy Code is to prevent debtors who are involved in several bankruptcy proceedings from failing to cooperate in a proceeding in which their own discharge is not at issue such as a corporate proceeding or a proceeding involving a partner or a relative and then, subsequently or simultaneously, obtaining an individual discharge in another case. Section 727(a)(7) is a statutory provision which ties related cases together so that misconduct in one case by an individual may be chargeable against that individual in other related proceedings.

---

[2]  The Defendant filed the prior chapter 13 case on October 30, 2012, and it was assigned case number 12-33772. The Court entered an order confirming her chapter 13 plan on February 20, 2013. The case was dismissed on October 8, 2013 for failure to make plan payments.

4

*Associated Bank, N.A. v. Sever (In re Sever)*, 438 B.R. 612, 619 (Bankr. C.D. Ill. 2010) (quoting

*Whiteside F.S. Inc. v. Siefkin*, 46 B.R. 479, 481 (N.D. Ill. 1985)). To deny a debtor's discharge under

§ 727(a)(7), a plaintiff must establish that "(1) the elements of sections 727(a)(2), (3), (4), (5), or (6)

are met; (2) the actions occurred during the current case or within one year before the filing of the

petition; and (3) the actions are in connection with the bankruptcy case of an insider." *Anda v. Song*

*(In re Song)*, 449 B.R. 84, 97 (Bankr. N.D. Cal. 2011).

Under § 101(31), where the debtor is an individual, an insider of the debtor includes a

"relative of the debtor," and under § 101(45), a relative is defined as an "individual related by

affinity or consanguinity within the third degree as determined by the common law, or individual in

a step or adoptive relationship within such third degree." The statutory language does not admit the

possibility that a debtor could be an insider of herself. Therefore, because the prior case that the

Plaintiff invokes is the Defendant's own individual chapter 13 bankruptcy, whatever alleged bad acts

she committed in that case were not committed "in connection with another case . . . concerning an

insider." Moreover, the aim of § 727(a)(7) is to prevent misconduct "in a proceeding in which [a

debtor's] own discharge is not at issue." *Sever*, 438 B.R. at 619. Because the Defendant's discharge

was at issue in her prior chapter 13 case, § 727(a)(7) has no application to her here. Consequently,

the Plaintiff's cause of action under § 727(a)(7), and all causes of action incorporated thereby, fail

to state a claim.

The Plaintiff's remaining cause of action is pled under § 727(a)(2)(A). To deny a debtor's

discharge under this subparagraph, a plaintiff "must show by a preponderance of the evidence that

(1) the debtor transferred, removed, concealed, destroyed, or mutilated, (2) property of the estate, (3)

within one year prior to the bankruptcy filing, (4) with the intent to hinder, delay, or defraud a

creditor." *Gullickson v. Brown (In re Brown)*, 108 F.3d 1290, 1293 (10th Cir. 1997). A court must

find that the debtor acted with actual intent to defraud creditors. *Mathai v. Warren (In re Warren)*,

512 F.3d 1241, 1249 (10th Cir. 2008) (citation omitted). That intent may be "established by

circumstantial evidence, or by inferences drawn from a course of conduct." *Id.* (citation and internal

quotation marks omitted).

The Plaintiff alleges that the Defendant has violated § 727(a)(2)(A) because she retained her

2012 tax refunds and converted them to her own use and benefit in the year prior to the present case.

The Plaintiff argues that the Defendant's conduct evinces an intent to hinder, delay, or defraud

creditors because she acted in contravention of the terms of her confirmed chapter 13 plan and failed

to pay to the Chapter 13 Trustee the estate's portion of her tax refunds.

As pled, the Plaintiff's complaint fails to state a claim under § 727(a)(2)(A). Regarding the

first element of § 727(a)(2)(A), the complaint does not single out whether the Defendant transferred,

removed, destroyed, mutilated, or concealed the tax refunds. Instead, the complaint largely repeats

the statutory language, while alleging that the Defendant converted the refunds to her own use and

benefit. "[C]onclusory allegations without supporting factual averments are insufficient to state a

claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The

Court is left without any factual allegations supporting the assertion that the Defendant disposed of

the tax refunds in a way that would satisfy the first element of § 727(a)(2)(A). Therefore, the Court

cannot enter default judgment on this cause of action.

In addition, there are insufficient factual averments to support the fourth element—that the

Defendant acted with intent to hinder, delay, or defraud creditors. Although a plaintiff can

demonstrate such an intent through circumstantial evidence, the complaint does not contain enough

6

facts for the Court to infer that the Defendant acted with the requisite intent. Here, the Plaintiff has provided no allegations concerning what the Defendant did with the refunds—whether she spent them on luxury goods, necessities, or even spent them at all. Without such factual allegations to support the Plaintiff's conclusory statements, default judgment is not warranted. *See Rupp v. Wood (In re Wood)*, Adv. No. 09-2482, 2010 WL 5415833, at *2 (Bankr. D. Utah Sept. 30, 2010).

## III. CONCLUSION

The Plaintiff's complaint does not state a claim on any of the alleged causes of action. Therefore, the Court will not enter default judgment against the Defendant. The Court will issue a separate Order in accordance with this Memorandum Decision.

_____END OF DOCUMENT_____

_____**ooo0ooo**_____

**SERVICE LIST**

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party listed below.


Stephen W. Rupp

McKAY, BURTON & THURMAN

15 West South Temple, Suite 1000

Salt Lake City, UT 84101

*Attorney for Plaintiff*

Teresa Lynn Pearson

9425 South Riverside Drive, #1113

Sandy, UT 84070

*Defendant, Pro Se*